UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VALERIE MESCIA-DONNELLY,

    Plaintiff,

v.                                                          Case No. 3:22cv16589-TKW-HTC

JAMES D. CAMP, JR., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing a complaint, ECF Doc. 1, a motion to proceed *in forma pauperis*, ECF Doc. 2, and a motion to change venue,[1] ECF Doc. 3. After reviewing the complaint, however, the undersigned finds venue is not proper in the Northern District of Florida and thus recommends this case be transferred *sua sponte* to the Middle District of Florida.

**I.   BACKGROUND**

Plaintiff Valerie Mescia-Donnelly is an 81-year-old resident of South Carolina. Her complaint names four (4) Defendants: (1) James D. Camp, Jr.; (2)

---

[1] The motion to change venue asks this Court to assume jurisdiction over Plaintiff's case and was apparently filed because a court in the District of Nevada dismissed an identical case for lack of personal jurisdiction over the Defendants.

James D. Camp, III; (3) Lawrence Saul Blumberg; and (4) Nicholas A. Mescia, III. ECF Doc. 1 at 1-3. It alleges the following.

After Plaintiff's mother, Olga Mescia, died in 2010, probate proceedings commenced in Volusia County, Florida. *See In re Estate of Olga Mescia*, Volusia County Case No. 2010 11899 PRDL. Plaintiff claims she was entitled to a quarter of Olga's estate pursuant to Olga's will. Plaintiff alleges the Defendants sold Olga's property in Staten Island, New York, in May 2013 for $520,500, but failed to give Plaintiff her full share of the proceeds.[2] Based on the foregoing, Plaintiff asserts the Defendants violated their fiduciary duties "as the Estate Law Firm, Ancillary Law Firm, and Personal Representative." As a result, she says the Defendants owe her $104,500, plus interest.

## II. DISCUSSION

A civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is

---

[2] Records from the state court show the probate case is closed, with an Amended Order for Final Discharge being entered on June 9, 2015. *In re Estate of Olga Mescia*, Volusia County Case No. 2010 11899 PRDL, Doc. 284.

Case No. 3:22cv16589-TKW-HTC

subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Additionally, 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

Here, none of the Defendants reside in the Northern District of Florida. Plaintiff indicates Defendant Blumberg resides in White Plains, New York, and Defendant Mescia resides in Cambridge, Massachusetts. ECF Doc. 1 at 3. The remaining two Defendants—the Camps—reside in Fort Lauderdale, Florida, *id.* at 2-3, which is in the Southern District of Florida.

Furthermore, Plaintiff's allegations have no discernible connection to the Northern District of Florida. The probate proceedings took place in Volusia County, which is in the Middle District of Florida, and the property that was sold is in New York. Because Plaintiff alleges the Defendants breached their fiduciary duties during the probate case, presumably Volusia County is where "a substantial part of

the events . . . giving rise to the claim occurred."  The undersigned, therefore, concludes this case should be transferred to the Middle District of Florida.

Finally, "there is a long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), but only so long as the parties are first given the opportunity to present their views on the issue.  Before transferring *sua sponte* under section 1404(a), the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quotations and citations omitted).  Because Plaintiff will have an opportunity to file objections to this Report and Recommendation, the Report serves as sufficient notice.  *See Nalls v. Coleman Low Fed. Inst.,* 440 F. App'x 704, 706 (11th Cir. 2011) (affirming *sua sponte* transfer where the plaintiff was "given an opportunity to voice his objections to a transfer, which the district court considered and rejected").

Accordingly, it is RECOMMENDED:

1. That the clerk TRANSFER this case to the United States District Court for the Middle District of Florida.

2. That the clerk close the file.

Case No. 3:22cv16589-TKW-HTC

At Pensacola, Florida, this 30th day of August 2022

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this report and recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.